# United States District Court
# Northern District of Indiana
# Hammond Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NO: 2:08-CR-192 JVB |
| | ) | |
| JULIO CESAR CHAVARRIA | ) | |

## OPINION AND ORDER

This matter comes before the Court on the Government's motion to dismiss Defendant's motion under 28 U.S.C. § 2255 to vacate his sentence (DE 67).

**A.  Procedural History**

On November 21, 2008, Defendant Julio Cesar Chavarria was indicted on four counts of distributing cocaine. He was arraigned and pled not guilty on December 2, 2008. On April 20, 2009, he pled guilty to all four counts of the indictment pursuant to a plea agreement and the Court accepted his plea. On June 30, 2009, the Court sentenced him to a term of imprisonment of twelve months and one day. On May 10, 2010, he filed his motion under 28 U.S.C. § 2255. On June 4, 2010, the Government filed the instant motion. Defendant has not responded.

**B.  Discussion**

Title 28 U.S.C. § 2255 (a) provides:

> A prisoner in custody under sentence of a court established by Act
> of Congress claiming the right to be released upon the ground that
> the sentence was imposed in violation of the Constitution or laws
> of the United States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in excess of the

> maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The Government asserts that this Court lacks jurisdiction over Defendant's motion because he filed a notice on May 26, 2010, stating that his address as of June 3, 2010, would be a location in Hammond, Indiana. According to the Government, his notice of change of address shows that Defendant is no longer in custody under the sentence he is attacking, depriving the Court of jurisdiction to hear his § 2255 motion.

The Court disagrees. The fact that Defendant may no longer be in custody on the sentence he is attacking does not deprive this Court of jurisdiction. The motion under 28 U.S.C. § 2255 survives the completion of that sentence because the Government has not shown that he was not in custody on the sentence he is attacking when the motion was filed. *See Gates v. United States*, 515 F.2d 73, 76 n. 1 (7th Cir. 1975) ("Although [defendant] has now been released from custody, this court retains jurisdiction to grant relief, if appropriate. The petition under § 2255 survives his release because it was filed while he was in custody.")

The cases cited by the Government are distinguishable on their facts. In *United States v. Kerschman*, 201 F.2d 682 (7th Cir. 1953) the defendant had long since finished serving the one-year-and-a-day sentence that had been imposed on him in 1935 when he filed his motion under 28 U.S.C. § 2255 in 1951. *Id.* at 683–84. In *Crow v. United States*, 186 F.2d 704 (9th Cir. 1951), the defendant filed his § 2255 motion attacking the second of two sentences to be served consecutively before he began serving the second sentence. *Id.*

**C.	Conclusion**

For the foregoing reasons the Government's motion to dismiss (DE 67) is DENIED. The Government shall answer Defendant's motion and respond to his petition for a stay (DE 69) by July 8, 2010.

SO ORDERED on June 24, 2010.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge