**United States District Court**
**Northern District of Indiana**
**Hammond Division**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Civil Action No. 2:10-CV-191 JVB |
| ) | (Arising out of 2:08-CR-192) |
| JULIO CESAR CHAVARRIA ) | |

**OPINION AND ORDER**

This matter is before the Court on the Government's motion to reconsider the Court's order of April 7, 2011, (DE 109) denying the Government's motion to dismiss Julio Chavarria's motion under 28 U.S.C. § 2255 (DE 60).

**A.      Background**

On April 20, 2009, Chavarria pleaded guilty to four counts of distributing cocaine.  On June 30, 2009, the Court sentenced him to four concurrent terms of imprisonment of twelve months and one day.  On May 10, 2010, Chavarria filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255, in which he made many allegations regarding the conduct of the Court, the Government, and his attorney, including a claim that his attorney advised him that he was not in danger of being deported.[1] On August 23, 2010, Mr. Chavarria filed a supplement to his motion consisting of a copy of the Supreme Court's opinion in *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010).  *Padilla* holds that an attorney's failure to advise his client that his guilty plea made him subject to automatic deportation constitutes constitutionally deficient performance.  *Id.* at

---

[1] The presentence report refers to Mr. Chavarria as a "legal alien."

1483.  If a defendant can show that there is a reasonable probability that, but for the deficient performance, he would have insisted on going to trial, his guilty plea may be set aside.  *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The Government was ordered to respond to the motion and did so by filing a motion to dismiss for lack of jurisdiction, which the Court denied.  The Government was once again ordered to respond to the § 2255 motion.  This time it argued that the motion should be dismissed because Mr. Chavarria had waived his right to claim ineffective assistance of counsel in his plea agreement and because the Supreme Court's decision in *Padilla* could not be applied retroactively.  The Court appointed counsel for Mr. Chavarria, and after his counsel filed a reply, ruled that the motion should not be dismissed for either of those reasons (DE 99). Counsel for Mr. Chavarria then filed a memorandum in support of the § 2255 motion, arguing only that *Padilla* requires that his conviction be set aside.

In its motion to reconsider, the Government draws the Court's attention to *Chaidez v. United States*, 2011 WL 3705173 (7th Cir. Aug. 23, 2011), which held that *Padilla* announced a new constitutional rule and is therefore not retroactive.  *Id.* at *4.  The Government maintains that because Mr. Chavarria's sentence became final on July 22, 2009, when the time for filing a notice of appeal expired, which is before the Supreme Court's decision in *Padilla* (decided on March 31, 2010), it cannot be applied to his case.  In his response, Mr. Chavarria states that he does not dispute the Government's assessment of the *Chaidez* decision, but maintains that it was wrongly decided.

**B. Legal Standard**

A motion to reconsider is appropriate when there has been a significant change in the law since the submission of an issue to the Court. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (1990).

**C. Discussion**

The *Chaidez* decision requires the Court to reconsider its order denying the Government's motion to dismiss Mr. Chavarria's § 2255 motion and to reverse itself. The only ground for relief Charvarria argued in his brief in support of the motion was that under the Supreme Court's holding in *Padilla*, he was denied effective assistance of counsel. Thus he has waived reliance on any other grounds for relief. *See 330 West Hubbard Rest. Corp. v. United States*, 203 F.3d 990, 997 (7th Cir. 2000) ("A party's failure to address or develop a claim in its opening brief constitutes a waiver of that claim.") Because the Seventh Circuit Court of Appeals has determined that *Padilla* announced a new rule of law, which cannot be applied to judgments that became final before the new rule was announced, Mr. Chavarria's motion for relief under 28 U.S.C. § 2255 must be dismissed. Accordingly, the Court vacates its order of April 7, 2011, and DISMISSES Mr. Chavarria's § 2255 motion (DE 60).

SO ORDERED on October 14, 2011.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge